MORI ET AL. v. INTERNATIONAL BROTHERHOOD OF
BOILERMAKERS, IRON SHIP BUILDERS,
BLACKSMITHS, FORGERS & HELPERS,
LOCAL LODGE NO. 6, ET AL.

No. A–417 (81–847).   Decided November 23, 1981

JUSTICE REHNQUIST, Circuit Justice.

The decision of the Court of Appeals for the Ninth Circuit in this case, the mandate of which I have been asked to stay, turns upon the construction of § 101(a)(3)(A) of the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 522, 29 U. S. C. § 411(a)(3)(A):

> "Except in the case of a federation of national or international labor organizations, the rates of dues and initiation fees payable by members of any labor organization in effect on September 14, 1959, shall not be increased, and no general or special assessment shall be levied upon such members, except—

"(A) in the case of a local labor organization, (i) by majority vote by *secret* ballot of the members in good standing voting at a general or special membership meeting, after reasonable notice of the intention to vote upon such question, or (ii) by majority vote of the members in good standing voting in a membership referendum conducted by *secret* ballot." (Emphasis supplied.)

A convention of the International Union was held in August 1977 at which a majority of the delegates adopted a new dues structure applicable only to field construction members. The balloting was not secret. The new dues structure required payment of not less than two percent of gross income to the local as a "field dues supplement" to regular local dues, unless the International president approved payment of a lesser amount. These amendments, which were incorporated into Art. XX of the International's Constitution, also established an additional dues requirement of one-half of one percent of gross wages, to be collected by the local and forwarded to the International.

At the beginning of the following year, respondent Local 6 collected from the plaintiffs field dues of two percent of gross earnings plus regular dues of $13 per month. The membership of Local 6 has never approved the increase of field dues, and has attempted to adopt bylaws excluding the new field dues requirement. The membership also unsuccessfully sought permission from the president of the International to halt the collection of the supplemental dues. 653 F. 2d 1279, 1281 (CA9 1981).

Applicants contend that this action on the part of the International violated the above-quoted provisions of Title 29, and have lodged with this Court a petition for certiorari setting out the reasons why the writ should be granted. The Court of Appeals decision in this case, which upheld the validity of the dues increase, is supported by *Ranes* v. *Office Employees Union, Local No. 28*, 317 F. 2d 915 (CA7 1963), and by

dicta in *Local No. 2, International Brotherhood of Telephone Workers* v. *International Brotherhood of Telephone Workers*, 362 F. 2d 891 (CA1), cert. denied, 385 U. S. 947 (1966). It seems to me to be contrary to the decision of the Court of Appeals for the Fifth Circuit in *Steib* v. *New Orleans Clerks and Checkers, Local No. 1497*, 436 F. 2d 1101 (1971).

In my opinion, there is a strong probability that four Justices of this Court would vote to grant applicants' presently pending petition. The funds held in escrow, now totalling somewhere in the neighborhood of $150,000, would be very difficult to recover should applicants' stay not be granted. Since I believe that applicants have a reasonable probability of success on the merits, and the balance of equities weighs heavily in their favor, it is ordered that the applicants' application for stay of mandate of the United States Court of Appeals for the Ninth Circuit be, and hereby is, granted until consideration and disposition of their petition for certiorari to review the judgment of the Court of Appeals in this case.